OPINION
The defendants-appellants and cross-appellees, H.P. Group, L.L.C. and Roger Peterson ("the appellants"), appeal from a judgment of the Findlay Municipal Court granting summary judgment against them. The plaintiff-appellee and cross-appellant, W W Roofing and Siding, Inc. ("the appellee") cross- appeals from the same judgment, granting interest on the judgment amount from the date the judgment entry was filed, as opposed to from the date that the amount became due and payable. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
The pertinent facts and procedural history are as follows. The parties entered into an oral contract for the installation of siding. Before completion of the work, the appellants informed the appellee to cease performance on the contract. The appellee then billed the appellants for unpaid services rendered and material costs. When these bills remained unpaid, the appellee brought suit for breach of contract, recovery on the account, and quantum meruit.
The First Request for Admissions Directed at Defendants was filed on October 19, 2000. When the appellants failed to answer as of January 3, 2001, the appellee filed a Motion for Summary Judgment. The thrust of the motion was that all issues contained in the request for admissions should be deemed admitted due to the appellants' failure to timely respond. The trial court's journal reflects that, at the time the appellee's motion was made, two pretrial hearings on the case had been held. At a pretrial on January 8, 2001, the judge ordered that the pending motion be set for hearing. Although both parties were present at that hearing, no objection to the motion was made at that time. When the summary judgment hearing was held on February 12, 2001, the appellants objected that the motion was not filed with leave of court, as Civ.R. 56(B) requires whenever a pretrial on the matter has already been held. On February 28, 2001, the trial court entered judgment in favor of the appellee in the amount of $4,022.72, with interest at a rate of 10% from the filing date of the judgment entry.
The appellant now appeals, asserting one assignment of error. The appellee cross-appeals, also asserting one assignment of error.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred in granting plaintiff-appellee, cross-appellant's Motion for Summary Judgment when the plaintiff filed its motion without prior leave from the court and over the objection of the defendant-appellant, cross-appellees.
 The appellants assert that the trial court violated Civ.R. 56(B) by granting summary judgment in favor of the appellees. Civ.R.56(B) states in relevant part: "If an action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." The appellants argue that the appellee's motion was in contravention of this rule and, thus, was improperly granted. However, we reject this argument.
The judgment entry from the trial court confirms that the appellee failed to seek leave of court prior to filing its motion for summary judgment. However, this court has previously held that "[a] court may, in the exercise of its sound discretion, consider a motion for summary judgment which has been filed, without express leave of the court, after the action has been set for pretrial."[1] Thus, the trial court was free to hear the appellee's motion, notwithstanding the fact that it was initially filed without leave. Furthermore, this court has also held that where the acceptance of a motion is made by the grace of the court, the decision to accept is itself "by leave of court."[2] Thus, although the appellee never formally requested leave of court, the fact that the motion was acknowledged by the court and a hearing was set show that retroactive leave to file was granted. This court is not at liberty to reverse the trial court's decision to accept the motion without a showing of abuse of discretion.[3]
The appellants argue that the trial court should have specifically journalized the fact that leave was granted to file the motion, rather than simply granting oral leave at the pretrial on January 8, 2001. The appellants seem to suggest that they were somehow prejudiced by this failure. However, the trial court's judgment entry states that counsel for both parties were present at the pretrial where the trial court ordered that the summary judgment motion be set for hearing. The appellants raised no objection to the motion at that time nor did they file a response to the motion. Furthermore, on January 11, 2001, an order setting the motion hearing was journalized. The appellants had ample notice that the trial court intended to hear the appellee's motion. Thus, the record does not reflect that the appellants were prejudiced by the trial court's decision. Accordingly, the appellants' assignment of error is not well-taken and the decision of the trial court granting summary judgment in favor of the appellees and awarding judgment in the amount of $4,022.72 is affirmed.
 APPELLEE'S CROSS-APPEAL ASSIGNMENT OF ERROR NO. 1 The trial court erred by failing to award pre-judgment interest.
 The appellee argues that the trial court erred by failing to award pre-judgment interest from the time that the amount awarded in this case became due and payable, as required by R.C. 1343.03(A). For the following reasons, we agree with the appellee.
The relevant portion of R.C. 1343.03(A) states:
 [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to interest at the rate of ten percent per annum[.] * * *
 This court previously noted that the mandatory language of this statute means that the trial court must award prejudgment interest where appropriate.[4]
Specifically, in cases like this one where a party has been granted judgment on an underlying contract claim, that party is entitled to prejudgment interest as a matter of law.[5] The purpose of the interest award is to make the aggrieved party whole by compensating for the period of time between the claim becoming "due and payable" and the judgment.[6]
Although a party that prevails on a contract claim is entitled to prejudgment interest as a matter of law, the amount of interest to be awarded is based on the trial court's factual determination of the accrual date and interest rate.[7] "These factual decisions will be reviewed on appeal under an abuse of discretion standard."[8]
The record in the instance case reveals that the amount owed on the underlying claim is established as $4,022.72. However, because the trial court failed to properly award interest according to 1343.03(A), this case must be remanded to the trial court for a determination of the exact amount of prejudgment interest owed.
Accordingly, appellee's sole cross-appeal assignment of error is sustained.
Having found error prejudicial to the appellee herein, we reverse the judgment of the trial court only with regards to the award of prejudgment interest and remand the matter for further proceedings consistent with this opinion.
WALTERS, P.J., and SHAW, J., concur.
[1] Cochran v. Ohio Auto Club (Oct. 3. 1996), Marion App. No. 9-96-33,unreported, citing Indermill v. United Sav. (1982), 5 Ohio App.3d 243,244.
[2] Id, citing Juergens v. Strang, Klubnik Assoc., Inc. (1994),96 Ohio App.3d 223, 234.
[3] See id. See also Indermill, 5 Ohio App.3d at 244; Juergens,96 Ohio App.3d at 234.
[4] Pioneer Rural Elec. Co-op v. Strunk (Dec. 1, 1999), Shelby App.No. 17-99-09, unreported, quoting Dwyer Elec., Inc. v. ConfederatedBuilders, Inc. (Oct. 29, 1998), Crawford App. No. 3-98-18, unreported.
[5] Dwyer, Crawford App. No. 3-98-18, unreported.
[6] Royal Elec. Constr. Corp. v. Ohio State Univ. (1995),73 Ohio St.3d 110, 117.
[7] Dwyer, supra.
[8] Id., citing Cincinnati Ins. Co. v. First Natl. Bank of Akron
(1980), 63 Ohio St.2d 220.